UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:18-cr-00717 |
| Plaintiff, | OPINION & ORDER [Resolving Doc. 25] |
| vs. |  |
| DARYL EVANS, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Daryl Evans requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes Evan's petition.[2]

For the reasons stated below, the Court **DENIES** Evans's motion for compassionate release.

I. Background

On April 22, 2019, Defendant Evans pleaded guilty to mail fraud, conspiracy to commit mail fraud, use of fire in commission of a felony, and destroying of damaging property used in interstate commerce.[3] On July 25, 2019, this Court sentenced Evans to 183-months imprisonment followed by three years of supervised release.[4]

On May 29, 2020, Evans requested the appointment of counsel for the purpose of filing a motion for compassionate release.[5] The Court granted that motion and on August

---

[1] Doc.109.
[2] Doc. 110.
[3] Doc. 65.
[4] Doc. 83. Specifically, the Court sentenced Evans to 63 months for five counts of the indictment, to be served concurrently, and 120 months on one count of the indictment, to be served consecutively.
[5] Doc. 105.

Case No. 4:18-cr-00717
Gwin, J.

3, 2020, Evans, with counsel, filed the instant motion for compassionate release.[6]

For the following reasons, the Court **DENIES** Evans's motion for compassionate release.

## II. Discussion

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[7]

Evans says that he petitioned the Warden for home confinement in April 2020.[8] He says that the Warden denied his request on April 30, 2020.[9]

Evans has satisfied the exhaustion requirement.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[10] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[11] Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[12]

---

[6] Doc. 108.
[7] 18 U.S.C. § 3582(c)(1)(A)(i).
[8] Doc. 108 at 2-3.
[9] *Id.*
[10] 18 U.S.C. § 3582(c)(1)(A).
[11] *Id.*
[12] *Id.*

Case No. 4:18-cr-00717
Gwin, J.

Evans argues that his age and medical conditions justify compassionate release.[13] Specifically, Evans says his age, 50, and his medical conditions—high blood pressure, sleep apnea, and history of heart failure—put him at risk of serious medical consequences, including death, if he contracts COVID-19.[14]

Evans's conditions, in conjunction with the presence of COVID-19 at FCI Elkton, might be extraordinary and compelling reasons that justify the grant of compassionate release.[15] However, when considering a change in sentence under the compassionate release statute, the Court must also consider the 18 U.S.C. § 3553(a) sentencing factors.[16] Such factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for just punishment.[17]

In this case, the Court finds that the § 3553(a) factors favor denying Evans's petition. Evans owned two rental properties.[18] He paid others to burn the houses down on three occasions in order to collect insurance proceeds.[19] He solicited his brother to the scheme

---

[13] Doc. 108 at 9-11.
[14] *Id.*
[15] Evans's compassionate release motion would implicate the "other reasons" category of the Sentencing Commission's policy statement. USSG § 1B1.13 cmt. n.1. The "other reasons" category says that a sentence reduction may be appropriate if "an extraordinary and compelling reason other than, or in combination with, the reasons described" in the first three categories exists. USSG § 1B1.13 cmt. n.1. However, the policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2019), *appeal filed* No. 20-2053 (quoting USSG § 1B1.13 cmt. n.1). Because this is no longer the law with the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases).
[16] 18 U.S.C. § 3582(c)(1)(A).
[17] 18 U.S.C. § 3553(a).
[18] Doc. 79.
[19] *Id.*

Case No. 4:18-cr-00717
Gwin, J.

with his brother also receiving a resulting prison sentence.[20]

Evans has served only approximately 11 months of his 183-month sentence.[21] The Court finds that releasing Evans at this juncture would not serve the need to reflect the seriousness of the offense or provide just punishment.

The Court therefore denies Evans's request for release.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Evans's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).


IT IS SO ORDERED.


Dated:  August 13, 2020             *s/     James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[20] *Id.*
[21] Doc. 108 at 2.  Evans says that he self-reported to FCI Elkton on September 6, 2019.