UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 1:18-cr-00717 |
| Plaintiff, : | ORDER |
| vs. : | [Resolving Doc. 107] |
| DARYL EVANS, : | |
| Defendant. : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Defendant Daryl Evans moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1]  The Government opposes Evans's request.[2]  The Court held an evidentiary hearing on February 8, 2021, and verbally denied Defendant's § 2255 motion.[3]

For the reasons stated below, the Court **DENIES** Defendant's motion.

I. Background

On April 22, 2019, Defendant Evans pled guilty to mail fraud, conspiracy to commit mail fraud, use of fire in commission of a felony, and destroying or damaging property used in interstate commerce.[4]  Evans had been charged for hiring others to set fire to his rental properties and collecting insurance payments for the destroyed properties.[5]  This Court sentenced Evans to 183 months' imprisonment followed by 3 years' supervised release.[6]

---

[1] Doc. 107.
[2] Doc. 113.
[3] *See* Doc. 121.
[4] Doc. 65; Doc. 66.
[5] Doc. 113 at 1.
[6] Doc. 83.  Specifically, the Court sentenced Evans to 63 months for 6 counts of the indictment, to be served concurrently, and 120 months on 1 count of the indictment, to be served consecutively.

Case No. 1:18-cr-00717
Gwin, J.

As part of his plea agreement, Evans "expressly and voluntarily" waived his right to appeal, except in certain instances. Evans preserved the right to appeal: "(a) any punishment in excess of the statutory maximum; (b) a sentence in excess of 25 years; and (c) the Court's determination of Defendant's Criminal History Category."[7] Further, Defendant preserved the right to claim ineffective assistance of counsel or prosecutorial misconduct.[8]

Evans now seeks to vacate, set aside, or correct his sentence based on ineffective assistance of counsel.

## II. Discussion

### A. Legal Standard

To begin, *pro se* pleadings are liberally construed and held to less stringent standards than counsel-drafted pleadings.[9]

A federal prisoner may collaterally attack their conviction or sentence by filing a § 2255 motion to vacate, set aside, or correct their sentence. A § 2255 motion must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[10] A § 2255 movant must establish their allegations by a preponderance of the evidence.[11]

Defendant makes four ineffective assistance of counsel claims. Although Defendant styles his arguments as ineffective assistance of counsel claims, some of his arguments appear

---

[7] Doc. 66 at 7.
[8] *Id.*
[9] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).
[10] *Pough v. U.S.*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. U.S.*, 334 F.3d 491, 496–97 (6th Cir. 2003)).
[11] *Pough*, 442 F.3d at 964.

Case No. 1:18-cr-00717
Gwin, J.

to be substantive appeal claims he waived as part of his plea agreement.[12]

To establish ineffective assistance of counsel, Defendant Evans must meet the *Strickland* standard: He must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by their deficiency.[13]

For the first prong, Counsel's performance must fall "below an objective standard of reasonableness."[14]  Courts use a highly deferential standard to assesses counsel's performance.[15]  Courts presume a "wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."[16]

For the second prong, a Defendant must establish that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[17]

### B. Ground 1: Defense Counsel Failed to Investigate

First, Defendant says that his Counsel was ineffective because they advised Defendant to plead guilty when he would have prevailed at trial.[18]  Defendant argues that counsel had an incorrect understanding of the law and facts of his case.[19]  As such, Evans contends that he did not make his guilty plea knowingly or voluntarily.[20]  He argues that he should not

---

[12] *See, e.g.*, Doc. 107-1 at 5.
[13] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[14] *Id.* at 688.
[15] *Id.* at 689.
[16] *Id.* (citation omitted).
[17] *Id.* at 694.
[18] Doc. 107-1 at 3.
[19] *Id.* at 1–3.
[20] *Id.* at 1.

-3-

Case No. 1:18-cr-00717
Gwin, J.

have been charged with destruction or damage to a property used in interstate commerce under 18 U.S.C. 844(i).[21] Defendant asserts that arson is a state law crime,[22] and that the destroyed properties were residential properties that were not "used in interstate commerce."[23]

The Government argues that Defendant's Grounds 1, 2, and 3 are meritless.[24] The Government explains that "all of the arson-related statutes that Evans pled guilty to violating were valid exercises of Congress's commerce clause power. Thus, any attempt by Evans'[s] attorney to have these counts dismissed would have been frivolous."[25] As the Government points out, counsel is not ineffective because they do not file a frivolous motion.[26]

The Government's assessment is correct. Defendant has not shown that his counsel's actions were so deficient that it affected the outcome of his case. A residential rental property—even a temporarily vacant one—is "used in interstate commerce" for § 844(i) purposes.[27]

The vacant properties were not "out" of the stream of commerce even if Defendant was preparing to sell them, as he contends.[28] Defendant argues that the properties were residential only but does not provide sufficient evidence to support this claim.[29] In his plea, Defendant stated that the residences were rental properties.[30] But, in his reply to the

---

[21] *Id.* at 1–3; Doc. 66 at 2.
[22] Doc. 107-1 at 2.
[23] Doc. 107-1 at 2–3; Doc. 107 at 4.
[24] Doc. 113 at 5.
[25] *Id.* at 5–6.
[26] *Id.* at 5 (citing *Goldsby v. U.S.*, 152 F. App'x 431, 438 (6th Cir. 2005)).
[27] *Russell v. U.S.*, 471 U.S. 858, 862 (1985).
[28] Doc. 115 at 2–3.
[29] Doc. 107-1 at 3.
[30] Doc. 66 at 8–9.

Case No. 1:18-cr-00717
Gwin, J.

Government's objections, Defendant says, "at the time the properties burned, they were vacant and had been for months. Mr. Evans did not have the properties available for rent, but instead was trying to sell the residential properties."[31] Regardless, temporarily vacant rentals are still "used in interstate commerce" for the purposes of § 844(i).[32] A home marketed for sale is part of a "broader commercial market" in interstate commerce, similar to the rental market.[33]

### C. Ground 2: Defense Counsel Failed to Argue a Lack of Federal Nexus

Defendant next argues that his counsel was incompetent because, if Counts Four and Eight of his indictment had been dismissed, his counsel should have argued that the federal government did not have jurisdiction to prosecute Defendant.[34] The Court does not find Defendant's counsel incompetent for failing to seek dismissal on Counts Four and Eight. Since these Counts were appropriate federal counts, Defendant's jurisdiction-based argument does not succeed.

### D. Ground 3: Defense Counsel Failed to Move to Dismiss Use of Fire in Commission of a Felony Count

Defendant argues that the statute criminalizing the use of fire in the commission of a felony is unconstitutional. Therefore, he believes his counsel was ineffective for failing to challenge the law or moving to dismiss his charges under the law.[35] Defendant believes his

---

[31] Doc. 115 at 2.
[32] *U.S. v. Turner*, 995 F.2d 1357, 1362 (6th Cir. 1993); *see also U.S. v. Sanchez*, No. 3:18-cr-83-J-34JRK, 2019 WL 99025, at *5 (M.D. Fla. Jan. 3, 2019) (reviewing various Circuits' case law and concluding "property that is temporarily vacant or removed from the commercial market, can nonetheless constitute property 'used in commerce' for the purposes of § 844(i).")
[33] *See, e.g., Russell*, 471 U.S. at 862.
[34] Doc. 107 at 5; Doc. 107-1 at 4.
[35] Doc. 107 at 6–7; Doc. 107-1 at 5.

Case No. 1:18-cr-00717
Gwin, J.

sentence for the use of fire in a felony charge violates constitutional double jeopardy protections.[36]

As the Government points out, the Sixth Circuit has ruled that 18 U.S.C. § 844(h) is a valid use of Congress's power.[37] Defendant also waived his right to the double jeopardy claim in his plea agreement.[38]

### E. Ground 4: Defense Counsel Failed to File a Timely Notice of Appeal

Finally, Defendant argues that his trial counsel did not adequately explain his plea agreement's limited appeal options. Defendant Evans asserts that he asked his counsel to file a notice of appeal after his sentencing, which counsel refused to do because Defendant waived this right in his plea agreement.[39] Evans also states that he did not fully understand his plea agreement's appeal waiver[40] and that his brother called counsel twice to request that counsel file a notice of appeal.[41]

The Court held a hearing on this issue on February 8, 2021.[42] Defendant Evans's attorneys testified.

Attorney Rucker stated that he had discussed filing an appeal after Defendant Evans's sentencing hearing. Attorney Rucker told Evans that he would not file an appeal. He said that he had explained Evans's plea agreement and limited appeal rights before the sentencing

---

[36] Doc. 107-1 at 5.
[37] Doc. 113 at 6–7 (citing *U.S. v. McAuliffe*, 490 F.3d 526, 536 (6th Cir. 2007)).
[38] Doc. 66 at 7; *see also U.S. v. Singer*, 782 F.3d 270 (6th Cir. 2015) (abrogated on other grounds).
[39] Doc. 107 at 8.
[40] Doc. 115 at 4 n.2.
[41] *Id.* at 4.
[42] Doc. 121.

Case No. 1:18-cr-00717
Gwin, J.

hearing.[43] Attorney Rucker said that Defendant Evans never directed him to file an appeal.[44]

Attorney Smith testified that he thought Defendant Evans was "requesting" or "asking questions" about the possibility of filing an appeal, but not directing his counsel to file one.[45] He said that Defendant Evans called him about filing an appeal, but that Attorney Smith directed Evans to lead counsel, Attorney Rucker. Attorney Rucker told Attorney Smith that he would "handle" Evans's call.[46]

Defendant Evans stated that he "inquired and directed" Attorney Smith to file an appeal.[47] Further, he said that he also "mentioned it" to his now-deceased brother who allegedly contacted Attorney Rucker to discuss filing an appeal.[48] Defendant further stated that he did not feel as though his counsel had properly explained his plea agreement's appeal waiver ramifications.[49] Defendant Evans said that he was not "forced" into his plea agreement but that he was not "aware" of what he signed.[50]

At the hearing, the Court credited Attorney Rucker and Attorney Smith's testimony and found that Defendant Evans had not proven by a preponderance of the evidence[51] that his attorneys had been ineffective for failing to file an appeal, despite Defendant Evans's alleged direction.[52]

---

[43] *Id.* at 8.
[44] *Id.* at 9.
[45] *Id.* at 15–16.
[46] *Id.* at 16.
[47] *Id.* at 17.
[48] *Id.* at 17.
[49] *Id.* at 18–20.
[50] *Id.* at 20.
[51] *Pough,* 442 F.3d at 964.
[52] Doc. 121 at 24–25.

Case No. 1:18-cr-00717
Gwin, J.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's 28 U.S.C. § 2255 motion.

IT IS SO ORDERED.

Dated: April 12, 2021    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE