UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:18-cr-00717-1 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 136] |
| v. | : | |
| | : | |
| DARYL EVANS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Daryl Evans moves pro se for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] Evans is currently serving a 183-month sentence for insurance fraud relating to his arson of several Warren, Ohio properties.[2]

With his motion, Evans argues that his medical conditions, including his untreated diabetes, hypertension, heart failure, sleep apnea, obesity, and age, in combination with his rehabilitation efforts, are extraordinary and compelling reasons justifying early release. Evans also says that because he is a low recidivism risk, the Court should find that the 18 U.S.C. § 3553(a) factors do not weigh against release.

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[3] However, under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a

---

[1] Doc. 136. The government opposed, Doc. 137, and Evans replied, Doc. 138. Evans has sought post-sentencing relief from this Court before. In August 2020, Evans moved for compassionate relief and relief under 18 U.S.C. § 2255. The Court denied Evan's first compassionate release motion, Doc. 111, and his motion for reconsideration, Doc. 125. The Sixth Circuit subsequently affirmed the Court's denial, Doc. 128. The Court also denied Evans' § 2255 motion. Doc. 126.
[2] Doc. 85, PageID #: 546-48.
[3] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).

Case No. 18-cr-00717-1
GWIN, J.

defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[4]

If a defendant's compassionate releasee motion meets this exhaustion requirement, the court then considers three factors in deciding whether to grant the compassionate release motion. First, the court must decide "whether extraordinary and compelling reasons warrant a sentence reduction."[5] Second, the court must ensure that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[6] Finally, the court must consider all relevant 18 U.S.C. § 3553(a) factors.[7]

Evans has exhausted his administrative remedies.[8] However, he has not shown extraordinary and compelling circumstances calling for relief.

Evans cites his hypertension, heart failure, sleep apnea, obesity, and age as extraordinary and compelling. However, the Court noted these medical conditions of Evans at his sentencing.[9] Facts such as these that exist at the time of sentencing are not extraordinary and compelling reasons for compassionate release.[10]

This leaves Evans' Type 2 diabetes, which the BOP diagnosed in October 2022. Evans has not shown that the BOP is incapable of treating Evans' diabetes, or other medical conditions.[11] Evans' medical records show that when he was diagnosed, the doctor recommended a life-style modification and to recheck Evans' HA1c at a later date.[12] Evans

---

[4] 18 U.S.C. § 3582(c)(1)(A); see also United States v. Alam, 960 F.3d 831, 834–35 (6th Cir. 2020).
[5] United States v. Jones, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quotation marks omitted).
[6] United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021).
[7] Id.
[8] Doc. 136-1, PageID #: 926.
[9] Doc. 82, PageID #: 522-23; Doc. 83, PageID #: 636; Doc. 85, PageID #: 548-49.
[10] United States v. Hunter, 12 F.4th 555, 570 (6th Cir. 2021).
[11] Sentencing Guidelines § 1B1.13(b)(1), provides that extraordinary and compelling reasons exist when the defendant suffers from a medical condition that requires long-term or specialty medical care that is not being provided, and without which the defendant is at risk of serious health deterioration or death. See U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023).
[12] Doc. 136-2, PageID #: 934.

Case No. 18-cr-00717-1
GWIN, J.

was given educational materials and assented to his understanding.[13] Future HA1c tests indicate that Evans' levels had decreased into a lower "at-risk" range, rather than confirmed diabetes.[14] Evans is on an extensive medication program for his hypertension and heart issues. Notes from medical provider show that Evans is an effective advocate for his medical issues and is not at risk of serious health deterioration.[15]

Because Evans offers no extraordinary and compelling reasons for compassionate release, the Court need not consider the 18 U.S.C. § 3553(a) statutory sentencing factors.[16] However, the Court will briefly discuss why, even if Evans had shown extraordinary and compelling circumstances, the § 355(a) factors stop early release.

The only § 3553(a) factor that has changed since sentencing is Evan's extensive rehabilitation efforts while incarcerated. While commendable, these efforts are insufficient to overcome the severity of his crime.

Evans ordered three arsons of two properties. In exchange, he received $146,000 in insurance payments (an amount he currently owes in restitution). Evans' actions put Warren community members at risk.

For the foregoing reasons, the Court **DENIES** Defendant Evans' compassionate release motion.

IT IS SO ORDERED.

Dated: March 6, 2024      s/ *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[13] *Id.* Evans debates this.
[14] Doc. 136-2, PageID #: 934, 936.
[15] *Id.*, PageID #: 935.
[16] *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").