UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.: 4:18-CR-717-1 |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | ORDER |
| | ) | [Resolving Doc. 140] |
| DARYL EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Daryl Evans moves pro se for a sentence reduction under 18 U.S.C. § 3582(c)(2), citing amendments to Sentencing Guideline § 2K2.4 that became effective November 1, 2024.[1] The United States opposes the motion.[2] The Federal Public Defender, appointed to review the pro se motion, declined to file a supplement after consulting with Evans.[3]

For the following reasons, the Court DENIES Evans's motion.

## I. Background

In 2019, Evans pleaded guilty to seven counts including Mail Fraud, Conspiracy to Commit Mail Fraud, Use of Fire to Commit a Felony, and Destroying Property Used in Interstate Commerce.[4] His crime involved hiring others to set fire to his rental properties in

---

[1] Doc. 140.
[2] Doc. 143.
[3] Doc. 142.
[4] Doc. 66: Plea Agreement, PageID 349-61.

Warren, Ohio to collect fraudulent insurance proceeds.[5] The scheme involved three arsons between 2013 and 2015, resulting in $146,000 in fraudulent insurance payments.[6]

As part of Evans's plea agreement, the government agreed to dismiss Count 7 (Use of Fire to Commit Felony, Second or Subsequent Conviction), reducing the mandatory minimum prison sentence from 35 years to 15 years.[7] The Presentence Report calculated Evans's Guidelines range as 183 to 198 months.[8] On July 25, 2019, the Court sentenced Evans to 183 months' imprisonment—at the very bottom of the Guidelines range and below the sentence that Evans had agreed to.[9]

This is Evans's third post-sentence motion. In August 2020, he moved for compassionate release citing COVID-19, age, and health conditions. The Court denied the motion, and the Sixth Circuit affirmed.[10] In November 2023, Evans filed a second compassionate release motion. The Court denied that motion in March 2024.[11]

## II. Legal Standard

Under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's sentence if: (1) the defendant was sentenced based on a sentencing range that has been subsequently lowered by the Sentencing Commission; (2) the reduction is consistent with applicable policy

---

[5] Doc. 82: PSR, PageID 511-12.
[6] *Id.*
[7] Doc. 66: Plea Agreement, PageID 351, 353-54; see 18 U.S.C. § 844(h)(1).
8 Doc. 82: PSR, PageID 525.
[9] Doc. 84: Judgment.
[10] Doc. 108 (motion); Doc. 111 (order denying motion); *United States v. Evans*, Sixth Circuit Case No. 21-3361 (affirming denial).
[11] Doc. 136 (motion); Doc. 139 (order denying motion)

statements issued by the Sentencing Commission; and (3) after considering the factors set forth in § 3553(a), a reduction is warranted.[12]

In *Dillon v. United States*, the Supreme Court emphasized that courts must follow the Sentencing Commission's instructions in U.S.S.G. § 1B1.10 to determine a prisoner's eligibility for a sentence modification and the extent of reduction authorized.[13] Section 1B1.10(d) lists the specific amendments that may be applied retroactively.[14]

A court may deny a compassionate release motion when *any* of the three requirements is lacking and need not address the others.[15]

### III. Analysis

**Evans's motion fails because the amendments he cites are not retroactive and therefore cannot support a sentence reduction under § 3582(c)(2).**

Evans cites amendments to Sentencing Guideline § 2K2.4 (Use of Firearm, Armor-Piercing Ammunition, or Explosive During or in Relation to Certain Crimes) that became effective November 1, 2024. These are Sentencing Commission Amendments 828 and 831. But neither Amendment 828 nor Amendment 831 is listed in U.S.S.G. § 1B1.10(d) as retroactive.

The Sentencing Commission determines which amendments apply retroactively, and courts are bound by that determination.[16] If an amendment is not listed in § 1B1.10(d),

---

[12] 18 U.S.C. § 3582(c)(2).
[13] *Dillon v. United States*, 560 U.S. 817, 821, 827 (2010).
[14] 14 U.S.S.G. § 1B1.10(d).
[15] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[16] *Dillon*, 560 U.S. at 821, 827

it cannot support a sentence reduction under § 3582(c)(2), regardless of how significant the amendment may be.

Because the cited amendments are not retroactive, Evans's motion must be denied. Having found the amendments are not retroactive, this Court need not reach the other requirements under § 3582(c)(2).[17]

Even if the amendments were retroactive—which they are not—Evans has not explained how they would apply to his case or result in a lower Guidelines calculation. He provides no analysis of whether § 2K2.4 was used in his sentencing, what his amended Guidelines range would be, or how much of a reduction he seeks. This lack of specificity gives a separate reason for denying the motion.

Moreover, the § 3553(a) factors also do not support a reduction even if Evans could satisfy the threshold requirements. This Court has balanced those factors three times and concluded each time that a 183-month sentence is appropriate: at the original sentencing in 2019; when denying Evans's first compassionate release motion in 2020 (affirmed by the Sixth Circuit); and when denying his second compassionate release motion in 2024.[18] Evans does not show added information that would alter that finding.

The nature and circumstances of the offense remain serious. Evans orchestrated three arsons of rental properties to defraud insurance companies, endangering firefighters and neighbors. He has served approximately five years of his 183-month sentence—one-

---

[17] *Elias*, 984 F.3d at 519
[18] Doc. 101: Sentencing Trans., PageID 621-45; Doc. 111: Order, PageID 765; Doc. 139: Order, PageID 992.

third. The Court already sentenced Evans at the bottom of the Guidelines range after the government agreed to dismiss a count that would have imposed a 35-year mandatory minimum. The requested reduction would undermine the purposes of sentencing.

Finally, the government correctly notes that even if Evans satisfied all requirements, the sentencing statutes that Evans pled guilty to requires a mandatory minimum sentence of 180 months. Regardless of any change to the Guidelines range, the mandatory minimum statute trumps the Guidelines. Thus, at most, the Court could reduce his sentence by only three months.[19]

### IV. Conclusion

For these reasons, the Court DENIES Evans's motion for a sentence reduction.

**IT IS SO ORDERED.**

Dated: February 5, 2026

                                         s/ James S. Gwin
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[19] Doc. 143: Gov't Response, PageID 1027.